UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| VINE ENERGY INC., ERIC MARSH, ANGELO ACCONCIA, H. PAULETT EBERHART, DAVID FOLEY, JOHN H. LEE, CHARLES M. SLEDGE, CHESAPEAKE ENERGY CORPORATION, HANNIBAL MERGER SUB, INC., HANNIBAL MERGER SUB, LLC, and VINE ENERGY HOLDINGS LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 11, 2021 (the "Proposed Transaction"), pursuant to which Vine Energy, Inc. ("Vine Energy" or the "Company") will merge with Chesapeake Energy Corporation ("Parent"), Hannibal Merger Sub, Inc. ("Merger Sub Inc."), Hannibal Merger Sub, LLC ("Merger Sub LLC"), and Vine Energy Holdings LLC ("Holdings," and together with Parent, Merger Sub Inc., and Merger Sub LLC, "Chesapeake").

2. On August 10, 2021, Vine Energy's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Chesapeake. Pursuant to the terms of the Merger Agreement, Vine Energy's

stockholders will receive $1.20 in cash and 0.2486 shares of Parent's common stock for each share of Vine Energy common stock they own.

3. On September 22, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Vine Energy common stock.

2

9. Defendant Vine Energy is a Delaware corporation and a party to the Merger Agreement. Vine Energy's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "VEI."

10. Defendant Eric Marsh is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Angelo Acconcia is a director of the Company.

12. Defendant H Paulett Eberhart is a director of the Company.

13. Defendant David Foley is a director of the Company.

14. Defendant John H Lee is a director of the Company.

15. Defendant Charles M. Sledge is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Parent is an Oklahoma corporation and a party to the Merger Agreement.

18. Defendant Merger Sub Inc. is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

19. Defendant Merger Sub LLC is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

20. Defendant Holdings is a Delaware limited liability company and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Vine Energy is an energy company focused on the development of natural gas properties in the stacked Haynesville and Mid-Bossier shale plays in the Haynesville Basin of

Northwest Louisiana.

22. On August 10, 2021, Vine Energy's Board caused the Company to enter into the Merger Agreement with Chesapeake.

23. Pursuant to the terms of the Merger Agreement, Vine Energy's stockholders will receive $1.20 in cash and 0.2486 shares of Parent common stock for each share of Vine Energy common stock they own.

24. According to the press release announcing the Proposed Transaction:

Chesapeake Energy Corporation (NASDAQ:CHK) ("Chesapeake") and Vine Energy Inc. (NYSE:VEI) ("Vine") today announced that they have entered into a definitive agreement pursuant to which Chesapeake will acquire Vine, an energy company focused on the development of natural gas properties in the over-pressured stacked Haynesville and Mid-Bossier shale plays in Northwest Louisiana. The acquisition is a zero premium transaction valued at approximately $2.2 billion, based on a 30-day average exchange ratio as of Tuesday's close, equating to $15.00 per share.

Transaction highlights include:

- Vine shareholders will receive fixed consideration of 0.2486 shares of Chesapeake common stock plus $1.20 cash per share of Vine common stock, for total consideration of $15.00 per share, comprising of 92% stock and 8% cash
- Increases Chesapeake's cumulative five-year free cash flow(1) outlook by approximately $1.5 billion, or 68% of the transaction value, to approximately $6.0 billion, or 66% of pro forma enterprise value
- Immediately accretive to operating cash flow per share, free cash flow(1) per share, free cash flow yield(1), and GHG emissions profil
- 2022 pro forma net debt-to-EBITDAX(1) ratio of 0.6x, preserves Chesapeake's balance sheet strength
- Approximately $50 million in average annual savings expected from operating and capital synergies
- Expected to increase base dividend by 27% to $1.75 per share post close reflecting cash flow accretion of transaction, subject to Board approval
- Vine position consolidates Haynesville/Bossier adding approximately 370 premium 50% rate of return drilling locations at $2.50 NYMEX gas price
- Lowers Chesapeake's pro forma total gathering, processing and transportation (GP&T) expense by approximately 15% and diversifies the company's midstream partnerships

4

Transaction Details

Under the terms of the merger agreement, which was unanimously approved by the Board of Directors of each company, Vine shareholders will receive a fixed exchange ratio of 0.2486 Chesapeake shares of common stock and $1.20 of cash for each share of Vine common stock owned. Upon closing, Chesapeake shareholders will own approximately 86% and Vine shareholders will own approximately 14% of the fully diluted shares of the combined company.

The transaction, which is subject to customary closing conditions, including certain regulatory approvals, and the approval of Vine shareholders, is expected to close in the fourth quarter of 2021. Funds managed by The Blackstone Group Inc. own approximately 70% of outstanding shares of Vine common stock and have entered into a support agreement to vote in favor of the transaction.

Advisors

J.P. Morgan Securities LLC is serving as financial advisor, Latham & Watkins LLP and Richards Layton & Finger are serving as legal advisor, and DrivePath Advisors is serving as communications advisor to Chesapeake. Citi is serving as lead financial advisor and Kirkland & Ellis LLP is serving as legal advisor to Vine. Weil, Gotshal & Manges LLP is serving as legal advisors to Blackstone. Houlihan Lokey also served as a financial advisor to the Vine Board of Directors.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

25. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Registration Statement omits material information.

27. First, the Registration Statement omits material information regarding the Company's and Chesapeake's financial projections.

28. The Registration Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

29. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

30. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Houlihan Lokey Capital, Inc. ("Houlihan").

31. With respect to Houlihan's Selected Companies Analyses of Vine Energy and Chesapeake, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

32. With respect to Houlihan's Selected Transactions Analyses of Vine Energy and Chesapeake, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analyses; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

33. With respect to Houlihan's Discounted Cash Flow Analyses of Vine Energy and Chesapeake, the Registration Statement fails to disclose: (i) the projected cash flows used in the analyses and all underlying line items; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the discount rates; (iv) Houlihan's basis for selecting the multiples used in the analyses; and (v) net debt.

34. With respect to Houlihan's Implied Premiums Paid in Selected Transactions analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

35. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. Third, the Registration Statement fails to disclose the amount of compensation Houlihan received for the prior services it provided to the parties to the Merger Agreement and their affiliates.

37. Fourth, the Registration Statement fails to disclose the terms of Citi's engagement, including: (i) the amount of compensation Citi has received or will receive in connection with its engagement; (ii) the amount of Citi's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether Citi has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by Citi for providing such services.

38. Fifth, the Registration Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

39. The omission of the above-referenced material information renders the Registration Statement false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Vine Energy**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Vine Energy is liable

as the issuer of these statements.

43. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Chesapeake**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants and Chesapeake acted as controlling persons of Vine Energy within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their

positions as officers and/or Board members of Vine Energy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants and Chesapeake was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

53. Chesapeake also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

54. By virtue of the foregoing, the Individual Defendants and Chesapeake violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants and Chesapeake had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their

positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 29, 2021 **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*